IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY LYNN DELAMOTTE                                                    PLAINTIFF

    v.                         CIVIL NO. 21-5025

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                          DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Tammy Lynn Delamotte, protectively filed her current application for SSI on September 6, 2017, alleging an inability to work due to an enlarged heart, diabetes mellitus, heart attacks, hypertension, anxiety, seizures, and nerve damage in both legs.  (Tr. 138, 254).  An administrative video hearing was held on May 16, 2019, at which Plaintiff appeared with counsel and testified. (Tr. 97-119).

By written decision dated May 5, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 42-43). Specifically, the ALJ found Plaintiff had the following severe impairments: chronic Schmorl's nodes in the lumbar spine, spondylosis of the cervical spine, noncalcified nodules in the right middle lobe, cardiomegaly, tachycardia, diabetes, mild degenerative joint disease of the right ankle, and obesity. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 43).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule  25(d)(1) of the Federal Rules of Civil Procedure.

1

> [P]erform light work as defined in 20 CFR 416.967(b) (i.e., lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; sit for six hours out of an eight-hour work day; and stand and walk for six hours out of an eight-hour work day) except she is limited to occasional climbing of ramps, stairs, ropes, ladders, and scaffolds. She is also limited to occasional balancing, stooping, kneeling, crouching, and crawling.

(Tr. 45). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cashier II, a retail sales attendant, and a housekeeper. (Tr. 49).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on December 18, 2020. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). Both parties have filed appeal briefs, and this case is before the undersigned for report and recommendation. (ECF Nos. 13, 14).

## II.   Applicable Law:

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental impairment that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) The ALJ's Step 2 findings are contrary to substantial evidence in light of the new and material evidence submitted to the Appeals Council; 2) The ALJ's RFC determination is contrary to substantial evidence in light of the new and material

evidence submitted to the Appeals Council; and 3) The ALJ failed to fully and fairly develop the record.

The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992). If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case. *See* 20 C.F.R. § 404.970(b).  Here, the Appeals Council denied review, finding that the new evidence did not show a reasonable probability that it would change the outcome of the decision, noting that some of the evidence submitted was dated after the ALJ's decision and thus was not relevant to the time in question. In these circumstances, the Court does not evaluate the Appeals Council's decision to deny review, but rather the Court determines whether the record as a whole, including the new evidence, supports the ALJ's determination. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) ("When the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.").

The new evidence submitted to the Appeals Council includes medical records dated January 14, 2020, through June 29, 2020, and pertains mainly to a left shoulder impairment. (Tr. 11-30, 33-36, 57-78, 80-95). A review of the record revealed Plaintiff complained of a left upper extremity impairment at the administrative hearing held on May 16, 2019.  At this hearing, Plaintiff testified that she was having great difficulty with the use of her left shoulder; and was in fact, unable to lift her arm above her head. (Tr. 112).  In the ALJ's May 5, 2020, hearing decision, there

4

is no reference to a left shoulder impairment, despite Plaintiff's testimony and medical records revealing Plaintiff had been treated for left shoulder pain during the time period in question. (Tr. 781, 1419, 1474).

As indicated above, the evidence submitted to the Appeals Council pertains to Plaintiff's left shoulder impairment, which resulted in Plaintiff undergoing left-shoulder surgery on May 20, 2020, less than three weeks after the ALJ's hearing decision. (Tr. 16). While the surgical procedure provided Plaintiff some improvement of her pain, follow-up records revealed Plaintiff continued to complain of pain when she moved her left shoulder. (Tr. 24). Had the ALJ had this medical evidence before him when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new evidence.

On remand, the ALJ is also directed to address interrogatories to a medical professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

### IV. Conclusion:

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The**

**failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

    DATED this 8th day of March 2022.

                         /s/    *Christy Comstock*
                         HON. CHRISTY COMSTOCK
                         UNITED STATES MAGISTRATE JUDGE