IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TAMMY LYNN DELAMOTTE                                                                    PLAINTIFF

v.                                           CIVIL NO. 21-5025

KILOLO KIJAKAZI, Commissioner
Social Security Administration                                                          DEFENDANT

**REPORT AND RECOMMENDATION**

Plaintiff, Tammy Lynn Delamotte, appealed the Commissioner's denial of benefits to this Court. On March 24, 2022, U.S. District Judge Timothy L. Brooks adopted the undersigned's Report and Recommendation, remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF Nos. 15, 16, 17).

1. **Background**

On April 23, 2022, Plaintiff filed a motion seeking an award of $5,712.25 in attorney's fees and her filing fee of $402 under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"). (ECF No. 18). No response was filed within fourteen (14) days, and on May 10, 2022, the undersigned issued a Report and Recommendation. On May 11, 2022, Defendant filed a response objecting to the Motion, challenging that the Motion was filed prematurely, and alternatively, that Plaintiff is not entitled to all the fees sought. (ECF No. 22). Upon consideration, the undersigned withdrew its May 10th Report and Recommendation and now addresses the Motion in light of the objections.

2. **Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified.") An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39[1], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase is appropriate.

3. **Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration, (ECF No. 17). Defendant has not contested Plaintiff's claim that she is the prevailing party. The Court construes Defendant's pleadings herein as an admission that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff requests attorney's fees in the amount of $5,712.25. This request includes 1.0 hour of legal work completed during 2020 at an hourly rate of $203; 23.15 hours during 2021 at the rate of $206 per hour; and 3.35 hours during 2022 at the rate of $221 per hour. These hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. Here, the

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2020 – 247.289 x 125 divided by 152.4 (March 1996 CPI – South) = $202.82/hour ~ $203.
2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.
2022 – 269.263 x 125 divided by 152.4 (March 1996 CPI – South) = $220.85/hour ~ $221.

3

Court finds the CPI-South Index authorized a 2020 hourly rate of $203; a 2021 rate of $206; and a 2022 rate of $221.

Defendant first objects that Plaintiff's motion for fees was filed too early and should have been considered as "premature" by the Court. Defendant cites no governing precedent indicating admonition against early filings or any penalty for doing so, thus, the Court sees no need to address this argument further, particularly since the undersigned withdrew its Report and Recommendation to consider the merits of Defendant's objections.

Turning to the merits, Defendant objects Plaintiff seeking fees for work it describes as non-recoverable "pre-complaint" work. However, it is the longstanding custom of this district[2] to award up to 2.0 hours of pre-complaint work by counsel, and thus, rather than convert the 2.9 hours of pre-complaint work to paralegal time, the Court will simply reduce the 2.9 hours claimed to 2.0 hours of legal work, reducing the compensable 2021 time by .9 hours. Defendant then suggests a further reduction, arguing that .9 hours claimed for tasks, including, but not limited to, preparation of the Complaint, should excluded. Disagreeing with colleagues, the undersigned does not view preparation of the Complaint as "purely clerical in nature" but will reduced by one-half (.5) hour attorney time spent (a) trying to reconnect with the Plaintiff, and (b) identifying the judge assignment and this reduction will be made to time claimed during 2021.

Completing an independent review of counsel's remaining itemizations, the Court finds the fees sought were reasonably expended in obtaining Plaintiff's relief. Based on the foregoing, and after making a total reduction of 1.4 hours during 2021, the Court finds Plaintiff should be awarded attorney's fees for work performed by her counsel during 2020-2022 at the respective rates of $203 (1.0 hour); $206 (21.75 hours); and $221 (3.35 hours). Plaintiff is also entitled to

---

[2] *Pelts v. Colvin,* 2017 WL 1230855 (W.D. Ark. April 3, 2017).

recover her filing fee of $402 which is payable from the Judgment Fund of the Treasury, and not by the Social Security Administration under the EAJA.  28 U.S.C. § 1920(1) and § 2142(c)(1); 31 U.S.C. § 1304.

**The Court thus recommends that Plaintiff be awarded attorney's fees and costs in the total amount of $5,825.85 which amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.**  Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant. However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel.  The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

IT IS SO ORDERED this 13th day of October 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE